IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS JAVIER RANGEL, | § | |
| Petitioner-Defendant | § | |
| | § | |
| vs. | § | CA B-02-010 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| (CR B-00-317) | § | |

**GOVERNMENT'S RESPONSE AND MOTION TO ORDER HEARING ON
MOTION FOR RELIEF UNDER 28 U.S.C. §2255**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, (hereinafter referred to as "the government") files this response and motion to order for hearing under 28 U.S.C. §2255 filed by petitioner, Luis Javier Rangel (hereinafter referred to as "Rangel"), and in support thereof would respectfully show the Court the following:

I.

**JURISDICTION**

A.    *Procedural history*.

Rangel was indicted in the United States District Court for the Southern District of Texas on August 1, 2000. In the indictment, Rangel was charged with conspiracy to possess with intent to distribute less than 500 grams of cocaine and

possession with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. §§846, and 841(b)(1)(C) (DOC 1)[1]. On October 5, 2000, Rangel plead guilty to the indictment with a plea agreement, in which in exchange for his plea and his "truthful rendition of facts to the U.S. Probation Department for the preparation of the Defendant's PSR", the government agreed to recommend full credit for acceptance of responsibility and a sentence at the low end of the Guideline level he scored (DOC. 14). On January 16, 2001, Rangel was sentenced to a sixty-three month term of imprisonment to be followed by a three-year term of supervised release (DOC 20). The judgment was entered on January 25, 2001 (DOC 21).

No appeal has been filed on behalf of Rangel. The judgment, thus, became final on February 5, 2001, with the expiration of the ten-day period in which to file notice of appeal.

Rangel timely filed his motion for relief under 28 U.S.C. §2255, Civil Action No. B-02-010, on January 18, 2002 (DOC 1). Rangel's ability to bring additional charges expired on February 5, 2002. Thereafter, on June 12, 2002, Rangel filed a Motion to Supplement his §2255 motion. In it, he brings an additional allegation:

---

[1]The first number in the DOCument cite relates to the number given the document in the criminal docket sheet. The second number within the DOC cite relates to the page number of the document. PSR is the presentence investigation report. PSR.Add. Refers to the addendum to the PSR.

2

that he directed his trial counsel to file notice of appeal on his behalf, but counsel failed to do so. The court is without jurisdiction to entertain this untimely claim.

B.   Basis of jurisdiction.

Rangel invoked this Court's jurisdiction under 28 U.S.C. §2255. A §2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief under a §2255 motion "is warranted for errors that occurred at trial or sentencing." *Id.* In his petition, Rangel alleges four grounds of error: 1) he complains that his PSR was in error regarding relevant conduct; 2) he complains his trial counsel rendered constitutionally infirm assistance by failing to be present when his PSR was received and failed to discuss his PSR with him prior to sentencing; 3) his conviction was obtained pursuant to an unconstitutional search and seizure; 4) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.

This Court is nominally vested with jurisdiction under 28 U.S.C. §2255 for only the 'ineffective assistance' allegation. The remainder of Rangel's complaints are not cognizable under §2255. Complaints relating to misapplication of the Guidelines is not cognizable. Rangel's guilty plea waived all non-jurisdictional defects and defenses. *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757

(1989); *United States v. McNeely*, 20 F.3d 886, 888 (8th Cir.1994); *United States v. Nash*, 29 F.3d 1195, 1201 (7th Cir. 1994); *United States v. Franklin*, 589 F.2d 192 (5th Cir. 1979).

II.

## CAUSE AND PREJUDICE

To obtain post-conviction relief in a collateral attack, a defendant must show either: (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982), or (2) that he is actually innocent. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc). A showing of cause requires a showing of some external impediment that prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472 (1991). Even though the law may have been settled against him on an issue, "the futility of raising an objection ... cannot alone constitute cause for a failure to object at trial." *Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573 (1982).

"'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder would have convicted him."

*Id.* (citations and quotations omitted). Rangel makes no such claims. The cause-and-prejudice standard is met by allegation and proof of ineffective assistance of counsel in certain circumstances. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Here, as in *Smith,* 241 F.3d 546 (7th Cir. 2001), *reh'g and reh'g en banc denied*, 250 F.3d 1073 (7th Cir. 2001), Rangel claims he failed to directly appeal due to "lack of legal assistance". This fails to satisfy the "cause and prejudice" components excusing him from failing to raise this issue on direct appeal.

Rangel must meet a higher standard higher even than plain error. *Smith*, 241 F.3d at 548. He must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1596 (emphasis in original). Here, Rangel cannot meet that burden. As discussed below, his claims are without factual proof or legal basis. He can demonstrate no prejudice.

IV.

**LEGAL PRINCIPLES GOVERNING INEFFECTIVE ASSISTANCE.**

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686,

5

104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples*, 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

A. <u>Sentencing errors</u>

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-44 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

To prevail on his claims, Rangel must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate

that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.*

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

Even if Rangel demonstrates that his counsel provided constitutionally infirm representation, Rangel must also demonstrate prejudice. Although Rangel need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. United States* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

Rangel infers that counsel's failure to discuss the PSR with him caused the erroneous PSR to remain uncorrected. Counsel for Rangel explains that in counsel's absence, Rangel disclosed to the Probation Officer two additional drug transactions, which were included in Rangel's relevant conduct, hence, the increased PSR score. Of course, Rangel was obligated to share this information with the Probation Officer, according to his plea of guilty. Counsel's "failure" to discuss the PSR with Rangel prior to sentencing could not undue Rangel's earlier candor. Rangel can not demonstrate prejudice. Counsel for Rangel objected to the increased relevant conduct score at sentencing without success (Sent. Trans p. 6).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. §2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

IV.

**MOTION FOR HEARING**

A. <u>Rangel's factual claims and grounds for relief</u>.

1. <u>Ineffective assistance</u>

   i. <u>Failing to file Notice of Appeal</u>.

Should the court determine to entertain Rangel's loss of appellate rights claim, Rangel proceeds from the proposition that he directed his attorney to file notice of direct appeal and his attorney failed to do so. His trial attorney, by sworn affidavit, fails to substantiate Rangel's claim.

   ii. <u>Loss of appellate rights</u>.

Regarding Rangel's "loss" of appellate rights, although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context of this claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 1717 (1969).

Here, the government believes the record will demonstrate Rangel made a deliberate decision to not appeal prior to the expiration of his ten-day deadline. If the final record reveals that Rangel did not direct his trial counsel to file notice of appeal, Rangel's claim fails on this point. If the court concludes Rangel did direct his trial counsel to file notice of appeal within the time period provided, Rangel's

right to appeal should be reinstated. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999); *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Rangel's §2255 petition be dismissed or, in the alternative, be subject to summary dismissal and that an evidentiary hearing under 28 U.S.C. §2255 be scheduled.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
Mark M. Dowd
Assistant United States Attorney
TX Bar No. 06070500
SD Tex ID No. 9314
600 E. Harrison, # 201
Brownsville, TX 78520
(9563) 548-2554

STATE OF TEXAS §
§
§
COUNTY OF CAMERON §

## AFFIDAVIT OF JOE VALLE

BEFORE ME, the undersigned authority, a Notary Public in and for Cameron County, Texas, on this day personally appeared JOE VALLE who after being by me duly sworn, upon her oath deposes and says:

"My name is Joe Valle. I am over eighteen (18) years of age and am competent to make this affidavit

"I would like to state that I represented Luis Javier Rangel in Cause No. 1:00 CR-317-001 I am aware of the complaints that he has made concerning the handling of his case.

To the best of my recollection, Mr. Rangel never asked me to appeal his case.

Mr. Rangel is correct when he states that I was not present at the Presentence Investigation interview. However, I never imagined that Mr Rangel was going to admit that he had conducted two prior drug transactions.

Also, I recall explaining to Mr. Rangel any possible defenses in his case. We discussed a Motion to Suppress Evidence hearing, however, the evidence was against Mr Rangel since he had given consent to the police officer to search his vehicle where the drugs were found.

Joe Valle

Before me, a notary public, on this day personally appeared Joe Valle, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this 13th day of September, 2002.

Notary Public in and for
The State of Texas

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing Respondent's Motion to Dismiss Motion to Vacate Sentence has been mailed on this the 16th day of September, 2002, via certified mail, return receipt requested to

Mr. Luis Javier Rangel
Reg. No. 94214-079
FCI Three Rivers
Three Rivers, Texas, 78071

_/s/ Mark Dowd for_
Mark M. Dowd
Assistant United States Attorney

11