United States District Court
Southern District of Texas
FILED

OCT 0 7 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUIS JAVIER RANGEL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Civil Action No. B-02-010<br>Criminal No. B-00-317 |

## MOTION TO WAIVE EVIDENTIARY HEARING
## AND SUBMIT ON THE MOTION

COMES NOW, the Petitioner herein, LUIS RANGEL, through the undersigned counsel and moves this Honorable Court to issue its decision in this case based upon what has been presented and argued in Petitioner's § 2255 motion.

This Court has issued an order directing that an evidentiary hearing take place on October 29, 2002. The stated purpose for the evidentiary hearing is to determine whether the Petitioner "informed his attorney to file a notice of direct appeal and his attorney failed to do so." (See, Order, 9/17/02)

Petitioner has not claimed in the § 2255 motion that he directly informed counsel that he wanted to appeal his sentence. If he had done this, this would be a much easier case to decide. But the Petitioner did not inform counsel to file a notice of direct appeal. Instead, Petitioner wanted to appeal his sentence, but after sentencing was never able to discuss this with counsel.

The Petitioner's assertion in his § 2255 motion is that it was obvious that an appeal should be pursued and that counsel should have filed a notice of appeal, and pursued an appeal of the

Petitioner's sentence. As outlined in the §2255 motion, meritorious objections were made to the relevant conduct findings of the probation officer in the presentence report at sentencing. The sentencing court denied the Petitioner's objections and sentenced the Petitioner based on a amounts of cocaine that should not have been attributed to the Petitioner.

The Petitioner had a right to appeal this sentence. Counsel owed a duty to appeal this sentence and fell below an objective standard of reasonableness in failing to file a notice of appeal. The Petitioner was prejudiced by counsel's omission because he was never afforded the opportunity to appeal his sentence. Therefore, the Petitioner asserts that his appellate rights should be restored so that he may pursue an appeal of his sentence. This is the essence of the Petitioner's claims.

In sum, the stated purpose for the evidentiary hearing is to determine whether the Petitioner ever asked former counsel to file an appeal. Petitioner has answered this question. Petitioner did not directly contacted counsel and requested an appeal of his sentence. Petitioner has never asserted this. However, the Petitioner did have a right to appeal and he was represented by counsel. Obvious appealable issues existed and counsel should have pursued an appeal for the Petitioner. The stated purpose of the evidentiary hearing is already known and the Petitioner has no further evidence to offer this Court on the subject. Therefore, an evidentiary hearing would be a waste of judicial time and resources.

In consideration of the foregoing, the Petitioner respectfully waives an evidentiary hearing and requests that this Court issue its decision based on the arguments presented in the Petitioner's § 2255 motion and memorandum of law.

Respectfully submitted,

ROBINSON & BRANDT, PSC

By: _____
MATTHEW M. ROBINSON
Attorney for Appellant
11331 Grooms Road, Suite 3000
Cincinnati, Ohio 45242
(513) 381-8033

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been sent by regular U.S. mail with proper postage affixed thereon on this, the 4th day of October, 2002, to the office of the Assistant United States Attorney, 600 E. Harrison St., #201, Brownsville TX 78520-7155.

_____
Matthew M. Robinson, Esq.