United States District Court
Southern District of Texas
FILED

OCT 3 0 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUIS JAVIER RANGEL, ) | |
| ) | Civil No. B-02-010 |
| Petitioner, ) | |
| ) | Criminal No. B-00-317 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**PETITIONER'S EVIDENTIARY HEARING MEMORANDUM**

Petitioner Luis Javier Rangel, through counsel, provides this memorandum of fact and law relevant to the evidentiary hearing.

(1)   Rangel did not tell his attorney Joe Valle to appeal after sentencing.

(2)   But immediately after sentence was pronounced, Rangel was shocked at his sentence of 63 months, almost twice what Rangel expected, and looked to Valle for answers.

(3)   In response, Valle told Rangel not to worry and promised to visit Rangel in the county jail soon to talk over what happened.

(4)   Waiting in jail for Valle's visit, Rangel decided that he was going to tell Valle to file a notice of appeal.

(5)   Valle did not appear after a few days passed. Rangel contacted him family by phone and asked them to call Valle and tell him to file a notice of appeal.

(6)   When Rangel's family reported that Valle was in court or out of town and not able to speak with them, Rangel called Valle's office. The secretary did not accept Rangel's call.

Rangel's counsel was unfairly and inexcusably ineffective for failing to perfect an appeal, depriving Rangel the chance to directly appeal his sentence. Although Rangel did not inform Valle that he wanted to appeal, that was a result of Valle's unavailability after the sentencing hearing. To ensure that an appeal was being taken, Rangel's family called Valle's office, but was told that Valle was in court or out of town. Rangel contacted Valle's office by phone, but the office did not accept Rangel's call.

An accused is entitled, as a matter of constitutional law, to assistance of counsel on appeal as a matter of right. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814 (1963). Showing the prejudice prong of Strickland v. Washington is not necessary in this case. When counsel altogether ignores his duty to appeal, proving prejudice in the form of a reversible issue is not necessary; as requiring that showing of prejudice would negate the entire right of having counsel on appeal. Penson v. Ohio, 109 S.Ct. 346, 354 (1988). Therefore, in situations where counsel files no appeal at all, prejudice is presumed. Id.

The easy case is when the attorney fails to file a direct appeal despite the defendant's request for an appeal. In those circumstances, courts of appeals have uniformly held that the defendant is denied his right to counsel without a showing of the issues that he would have asserted in the direct appeal. See United States v. Cronic, 466 U.S. 648, 659 n.25 (1984) (no specific showing of prejudice is needed if counsel is completely denied a defendant at a critical stage of the proceedings). *See also* United States v. Guerra, 94 F.3d 989, 994 (5th Cir.1996); Romero v. Tansy, 46 F.3d 1024, 1030-31 (10th Cir.1995); Castellanos v. Uniied States, 26 F.3d 717, 719 (7th Cir.1994); United States v. Horodner, 993 F.2d 191, 195 (9th Cir.1993); United

Rangel's counsel was unfairly and inexcusably ineffective for failing to perfect an appeal, depriving Rangel the chance to directly appeal his sentence. Although Rangel did not inform Valle that he wanted to appeal, that was a result of Valle's unavailability after the sentencing hearing. To ensure that an appeal was being taken, Rangel's family called Valle's office, but was told that Valle was in court or out of town. Rangel contacted Valle's office by phone, but the office did not accept Rangel's call.

An accused is entitled, as a matter of constitutional law, to assistance of counsel on appeal as a matter of right. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814 (1963). Showing the prejudice prong of Strickland v. Washington is not necessary in this case. When counsel altogether ignores his duty to appeal, proving prejudice in the form of a reversible issue is not necessary; as requiring that showing of prejudice would negate the entire right of having counsel on appeal. Penson v. Ohio, 109 S.Ct. 346, 354 (1988). Therefore, in situations where counsel files no appeal at all, prejudice is presumed. Id.

The easy case is when the attorney fails to file a direct appeal despite the defendant's request for an appeal. In those circumstances, courts of appeals have uniformly held that the defendant is denied his right to counsel without a showing of the issues that he would have asserted in the direct appeal. See United States v. Cronic, 466 U.S. 648, 659 n.25 (1984) (no specific showing of prejudice is needed if counsel is completely denied a defendant at a critical stage of the proceedings). *See also* United States v. Guerra, 94 F.3d 989, 994 (5th Cir.1996); Romero v. Tansy, 46 F.3d 1024, 1030-31 (10th Cir.1995); Castellanos v. Uniied States, 26 F.3d 717, 719 (7th Cir.1994); United States v. Horodner, 993 F.2d 191, 195 (9th Cir.1993); United

States v. Peak, 992 F.2d 39, 42 (4th Cir.1993); Bonneau v. United States, 961 F.2d 17, 22-23 (1st Cir.1992); Estes v. United States, 883 F.2d 645, 648-49 (8th Cir.1989).

In Guerra, the Fifth Circuit stated that the fact counsel "did not file an appeal at all, despite Guerra's professed desire to do so, constitutes ineffective assistance of counsel." Guerra, 94 F.3d at 994, *citing* Castellanos v. United States, 26 F.3d 717, 718 (7th Cir.1994) ("If defendant told the lawyer to appeal, and the lawyer dropped the ball, then defendant has been deprived, not of effective assistance of counsel, but of any assistance of counsel on appeal."). In cases where an attorney fails to file an appeal despite the client's desire to do so, prejudice under Strickland need not be shown. Guerra, at 994.

In this case, Rangel did not specifically request that Valle file a notice of appeal. Thus, Valle did not ignore a direct request. Instead, Valle did not visit Rangel in the county jail, Valle was not available to speak to Rangel's family, and Valle's office did not accept Rangel's telephone call. That does not change the proper outcome of this case, however.

"It is now generally accepted that counsel's failure to file a notice of appeal, either when expressly requested to do so by the client or merely when the client has not consented to the failure, constitutes ineffective assistance of counsel." Chance v. United States, 1996 U.S. App. Lexis 30268, reported in table case format at 103 F.3d 128 (6th Cir. Nov. 18, 1996) (unpublished and attached hereto). See United States v. Stearns, 68 F.3d 328, 330 (9th Cir. 1995); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993); Estes v. United States, 883 F.2d 645, 648-49 (8th Cir. 1989). In Chance, the Sixth Circuit Court of Appeals remanded the defendant's case for an evidentiary hearing to determine the reason why the defendant's attorney did not file a notice of appeal when the defendant had not consented to the failure. "Such a failure is considered to be

prejudicial *per se* and the defendant is not required to show that a direct appeal would have been successful, or even to suggest what issues may have been omitted on direct appeal." Id.

Thus, Valle had a duty to appeal because Rangel did not consent to a lack of appeal. And Valle's failure to be available after the sentencing hearing deprived Rangel a chance to appeal his sentence. As discussed above, since Rangel was deprived of his right to counsel on direct appeal, prejudice is presumed and he does not have to make a showing of prejudice under Strickland. Accordingly, Rangel requests that this court enter an amended judgment and commitment order so that Rangel might file a timely notice of appeal.

Respectfully submitted,

Robinson & Brandt, P.S.C.

By: _____
     Jeffrey M. Brandt, Esq.
     11331 Grooms Road
     Suite 3000
     Cincinnati, Ohio 45242
     (513) 381-8033 voice
     (513) 381-8043 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing memorandum has been hand delivered this 29th day of October 2002, to a representative of the Office of the Assistant United States Attorney, 600 E. Harrison St., #201, Brownsville TX 78520-7155.

_____
Jeffrey M. Brandt, Esq.

*1996 U.S. App. LEXIS 30268, ****

DELROY S. CHANCE, Petitioner-Appellant, v. UNITED STATES OF AMERICA, Respondent-Appellee.

No. 96-3393

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1996 U.S. App. LEXIS 30268

November 18, 1996, FILED

**NOTICE:** **[*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 103 F.3d 128, 1996 U.S. App. LEXIS 35765.

**PRIOR HISTORY:** Nothern District of Ohio. 95-01589. White. 3-11-96.

**DISPOSITION:** Vacated and remanded

**CORE TERMS:** notice of appeal, failure to file, sentence, ineffective assistance of counsel, direct appeal, vacate, evidentiary hearing, motion to vacate, consented, appointed counsel, inadvertence, deprived, neglect, effective assistance of counsel, pro se, order filed, resentence, memorandum, cocaine

**COUNSEL:** DELROY S. CHANCE, Petitioner - Appellant, Pro se, Federal Correctional Institution, Minersville, PA.

For UNITED STATES OF AMERICA, Respondent - Appellee: Ronald B. Bakeman, Asst. U.S. Attorney, Office of the U.S. Attorney, Cleveland, OH.

**JUDGES:** Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.

**OPINION:** ORDER

Delroy S. Chance, a federal prisoner proceeding pro se, appeals a district court order dismissing his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

A jury convicted Chance in February 1993 of conspiracy to distribute cocaine, **[*2]** distribution of cocaine, and illegal use of a communication facility. The district court sentenced him on June 16, 1993, to 360 months in prison, 10 years of supervised release, and a $ 10,000 fine. He did not file a direct appeal. However, on July 16, 1993, Chance filed an affidavit of indigency and was appointed counsel on October 22, 1993. On November 12th, counsel filed a "motion to vacate sentence and motion to resentence defendant to recommence time period for direct appeal." The district court denied this motion in a memorandum and order filed on December 15, 1993, on the ground that it lacked jurisdiction to extend Chance's appeal period beyond the thirty days provided for in Fed. R. App. P. 4. A

Get a Document - by Citation - 1996 U.S. App. LEXIS 30268
Case 1:02-cv-00010 Document 18 Filed in TXSD on 10/30/2002 Page 7 of 8
Page 2 of 3

panel of this court affirmed the district court's order in an amended opinion filed on September 13, 1995.

In his present motion to vacate, Chance presented two grounds for relief: (1) the failure to file a notice of appeal from his conviction and sentence was due to ineffective assistance of counsel; and (2) trial counsel's de facto withdrawal deprived the district court of jurisdiction over his case, thus tolling the period for filing the notice of appeal. The district court dismissed [*3] Chance's motion in a memorandum and order filed on March 11 and entered on March 14, 1996. The district court concluded that Chance had not demonstrated ineffective assistance of counsel as the failure to file his notice of appeal was previously found to have resulted from his own inadvertence and neglect. On appeal, Chance continues to argue that ineffective assistance of counsel, rather than his own inadvertence or neglect as stated by his appointed appellate counsel, deprived him of his right to appeal.

Upon careful consideration, we vacate the district court's order and remand this case so that the district court may conduct an evidentiary hearing as to whether Chance consented to counsel's failure to file a notice of appeal from his conviction and sentence. The denial of a § 2255 motion is reviewed *de novo*, with the district court's factual findings reviewed for clear error. *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). To warrant relief, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the petitioner's criminal proceedings. See *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 123 L. Ed. 2d 353, [*4] 113 S. Ct. 1710 (1993).

Persons convicted of crimes in federal district court have a right to a direct appeal. *United States v. Peak*, 992 F.2d 39, 41 (4th Cir. 1993) (citing *Coppedge v. United States*, 369 U.S. 438, 441, 8 L. Ed. 2d 21, 82 S. Ct. 917 (1962)). Moreover, a criminal defendant is entitled to the effective assistance of counsel in his direct appeal. *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985)). It is now generally accepted that counsel's failure to file a notice of appeal, either when expressly requested to do so by the client or merely when the client has not consented to the failure to file, constitutes ineffective assistance of counsel. *United States v. Stearns*, 68 F.3d 328, 330 (9th Cir. 1995); *Peak*, 992 F.2d at 42; *Estes*, 883 F.2d at 648-49. In fact, several courts have held that such a failure is a deprivation, not of the effective assistance of counsel, but of *any* assistance of counsel on appeal. *United States v. Nagib*, 56 F.3d 798, 801 (7th Cir. 1995); *United States v. Tajeddini*, 945 F.2d 458, 466 (1st Cir. 1991), cert. [*5] denied, 505 U.S. 1211, 120 L. Ed. 2d 883, 112 S. Ct. 3009 (1992). Such a failure is considered to be prejudicial *per se* and the defendant is not required to show that a direct appeal would have been successful, or even to suggest what issues may have been presented on appeal. *Stearns*, 68 F.3d at 330; *Nagib*, 56 F.3d at 801; *Peak*, 992 F.2d at 41-42 (citing *Rodriquez v. United States*, 395 U.S. 327, 329-30, 23 L. Ed. 2d 340, 89 S. Ct. 1715 (1969)); *Tajeddini*, 945 F.2d at 466-67; *Estes*, 883 F.2d at 649.

In the instant case, the district court denied Chance's pro se § 2255 motion based upon its earlier order denying Chance's motion to vacate and resentence and this court's affirmance of that order. At that time, both courts credited the statement of Chance's appointed counsel that the failure to file a notice of appeal was due to Chance's own inadvertence, oversight, and neglect. As pointed out by the government, "statements of an attorney that are directly related to the litigation at hand have been held to be within the attorney's scope of authority and binding on the client." *United States v. Johnson*, 752 F.2d 206, 210-11 (6th Cir. 1985). That case [*6] is distinguishable, however, because the record was clear that the client was present and did not dispute his attorney's representations. See *Johnson*, 752 F.2d at 210. Chance, on the other hand, asserts -- and offers evidence in support -- that he had no direct contact with his appointed counsel, who allegedly filed the previous motion and made the admissions at issue without Chance's prior knowledge or consent. Under these circumstances, we conclude that the district court's finding that Chance was personally at fault for the loss of his appellate rights is clearly erroneous. The court should have held an evidentiary hearing to determine whether Chance consented to his attorney's failure to file a notice of appeal or

whether, as Chance suggests, his trial counsel simply decided not to file an appeal because Chance had no more money to pay him. Therefore, because the record does not clearly show that Chance is not entitled to relief, we vacate the district court's order and remand this case for an evidentiary hearing. See *Stearns*, 68 F.3d at 330-31; *Nagib*, 56 F.3d at 800; *Peak*, 992 F.2d at 42; *Estes*, 883 F.2d at 649. Should the district court determine, on remand, **[*7]** that Chance was unconstitutionally deprived of appellate review due to ineffective assistance of counsel, the court should vacate and reimpose Chance's sentence so that the time for appeal may run from the date of his resentencing. See *United States v. Beers*, 76 F.3d 204, 205 (8th Cir. 1996) (per curiam); *Stearns*, 68 F.3d at 330-31.

Accordingly, the district court's order, entered on March 14, 1996, is vacated and the case remanded for further proceedings in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.

Service: **Get by LEXSEE®**
Citation: **1996 U.S. App. LEXIS 30268**
View: **Full**
Date/Time: Wednesday, March 13, 2002 - 10:16 AM EST

About LexisNexis | Terms and Conditions

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.