UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 1 9 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| LUIS JAVIER RANGEL, | § | |
| --- | --- | --- |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-010 |
| | § | CRIMINAL NO. B-00-317 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Petitioner Luis Javier Rangel was indicted in the United States District Court for the Southern District of Texas on August 1, 2000. In the indictment, Rangel was charged with conspiracy to possess with intent to distribute less than 500 grams of cocaine and possession with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. Sections 846 and 841(b)(1)(C). On October 5, 2000, Rangel pleaded guilty to the indictment with a plea agreement in which the government agreed to recommend full credit for acceptance of responsibility and a sentence at the low end of the Guideline level he scored. On January 16, 2001, Rangel was sentenced to a sixty-three (63) month term of imprisonment to be followed by a three-year term of supervised release. The judgment was entered on January 25, 2001.

### ALLEGATION

The only claim that this Court will address is whether Petitioner's trial counsel was ineffective for failing to file a notice of appeal on behalf of the Petitioner. Mr. Rangel's proposed remedy of this error is the right to file an out-of-time appeal.

### STANDARD

1

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[1]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[2] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.[3] The courts are extremely deferential in scrutinizing the

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).

[2] See Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Darden v. Wainwright, 477 U.S. 168, 184 (1986); Strickland v. Washington, 466 U.S. at 687-88; Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1997); Andrews v. Collins, 21 F.3d 612, 621 (5th Cir. 1994), cert. denied, 513 U.S. 1114 (1995); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992), cert. denied, 507 U.S. 1056 (1993); and Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992), cert. denied, 504 U.S. 992 (1992).

[3] See Strickland v. Washington, 466 U.S. at 687-91; Jones v. Cain, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); Green v. Johnson, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), cert. denied, 525 U.S. 1174 (1999); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997), cert. denied, 523 U.S. 1099 (1998); Belyeu v. Scott, 67 F.3d 535, 538 (5th Cir. 1995), cert. denied, 517 U.S. 1144 (1996); Duff-Smith v. Collins, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. See Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993); Martin v. Maggio, 711 F.2d 1273, 1279 (5th Cir. 1983), cert. denied, 469 U.S. 1028 (1984).

performance of counsel and make every effort to eliminate the distorting effects of hindsight.[4] It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[5] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[6] Counsel is required neither to advance every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[7] A criminal defense counsel is not required to exercise

---

[4] See Lockhart v. Fretwell, 506 U.S. 364, 372 (1993); Burger v. Kemp, 483 U.S. 776, 789 (1987); Strickland v. Washington, 466 U.S. at 689; United Stats v. Drones, 218 F.3d 496, 500-03 (5th Cir. 2000); Carter v. Johnson, 131 F.3d at 463; Williams v. Cain, 125 F.3d 269, 276 (5th Cir. 1997), cert. denied, 525 U.S. 859 (1998); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997); United States v. Gaudet, 81 F.3d 585, 592 (5th Cir. 1996); and Belyeu v. Scott, 67 F.3d at 538. The deficiency prong of Strickland is judged by counsel's conduct under the law existing at the time of the conduct, see Westley v. Johnson, 83 F.3d 714, 723 (5th Cir. 1996), cert. denied, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. See Williams v. Cain, 125 F.3d at 276, citing Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994), cert. denied, 513 U.S. 960 (1994).

[5] See Strickland v. Washington, 466 U.S. at 690; and Duff-Smith v. Collins, 973 F.2d at 1182.

[6] See Jones v. Jones, 163 F.3d 285, 300 (5th Cir. 1998), cert. denied, 528 U.S. 895 (1999); Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997), cert. denied, 522 U.S. 944 (1997); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); Boyle v. Johnson, 93 F.3d 180, 187-88 (5th Cir. 1996), cert. denied, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); West v. Johnson, 92 F.3d 1385, 1406-09 (5th Cir. 1996), cert. denied, 520 U.S. 1242 (1997) (ruling that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir. 1994), citing Strickland v. Washington, 466 U.S. at 691; and Andrews v. Collins, 21 F.3d at 623 (deciding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

[7] See Neal v. Cain, 141 F.3d 207, 214-15 (5th Cir. 1998) (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of Strickland where

clairvoyance during the course of a criminal trial.[8] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[9]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[10] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[11] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[12] In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

---

proposed defenses were without merit); Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); Smith v. Collins, 977 F.2d 951, 960 (5th Cir. 1992), cert. denied, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required; nor does it contemplate the employment of wholly unlimited time and resources"); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[8] See Sharp v. Johnson, 107 F.3d 282, 290 n.28 (5th Cir. 1997), citing Garland v. Maggio, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). See also Lackey v. Johnson, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[9] See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984); Jones v. Jones, 163 F.3d at 303.

[10] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d 697, 700 (5th Cir. 1995).

[11] Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. at 2067.

[12] Id.

confidence in the outcome."[13] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[14]

Given the language of *Strickland* itself, the test applies to the conduct of counsel both in preparation for and at trial.[15] An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance.[16] The extent of an attorney's investigation into an area must be viewed in the context of the defendant's cooperation with the attorney's investigation and with a heavy measure of deference to counsel's judgments.[17]

Due to the fact that a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[18] Therefore, a failure to establish that counsel's

---

[13] See Williams v. Taylor, 529 U.S. at 391; Strickland v. Washington, 466 U.S. at 694.

[14] See Williams v. Taylor, 529 U.S. at 393 n.17; Strickland v. Washington, 466 U.S. at 692.

[15] See, e.g., Martin v. McCotter, 796 F.2d 813, 816-17 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987) (holding that the *Strickland* test applied to both the trial and sentencing phases of a criminal proceeding); and Nealy v. Cabana, 764 F.2d 1173, 1178-80 (5th Cir. 1985).

[16] See Moore v. Johnson, 194 F.3d 586, 608 & 616 (5th Cir. 1999); and Bryant v. Scott, 28 F.3d at 1435.

[17] See Carter v. Johnson, 131 F.3d at 463; and Randle v. Scott, 43 F.3d 221, 225 (5th Cir. 1995), cert. denied, 515 U.S. 1108 (1995) (ruling that trial counsel was not ineffective for failing to investigate the validity of the defendant's prior conviction where the defendant was aware that the prior conviction had been reversed but failed to disclose same to his counsel and, instead, instructed his counsel to cease investigation into the matter so as to expedite the defendant's entry of a guilty plea). However, an attorney who is aware of potential mitigating evidence is obligated to investigate the existence of such evidence beyond merely communicating with the defendant. Ransom v. Johnson, 126 F.3d at 723.

[18] See Strickland v. Washington, 466 U.S. at 700; Ransom v. Johnson, 126 F.3d at 721; Green v. Johnson, 116 F.3d at 1122; United States v. Seyfert, 67 F.3d 544, 547 (5th Cir. 1995); and Armstead v. Scott,

performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[19] It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[20] Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[21]

## ANALYSIS

In this case, Petitioner Rangel claims that he was visibly unsatisfied and shocked with the sentence handed down by the district court. Immediately after his sentence was pronounced, Rangel looked to his trial counsel, Joe Valle, for answers. In response, Valle told Rangel not to worry and promised to visit Rangel in the county jail soon to talk over what happened. Waiting in jail for Valle's visit, Rangel decided that he was going to tell Valle to file a notice of appeal. Valle did not appear over the next few days. Rangel contacted his family by phone and asked them to call Valle and tell him to file a notice of appeal. When Rangel's family reported that Valle was in court or out of town and not able to speak with them, Rangel called Valle's office.

---

37 F.3d at 210. See also Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on both prongs of the *Strickland* test).

[19] See United States v. Hoskins, 910 F.2d 309, 311 (5th Cir. 1990); and Thomas v. Lynaugh, 812 F.2d 225, 229-30 (5th Cir. 1987), cert. denied, 484 U.S. 842 (1987).

[20] See Black v. Collins, 962 F.2d at 401; Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986), cert. denied, 482 U.S. 916 (1987); and Martin v. McCotter, 796 F.2d 813, 821 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987).

[21] See Kinnamon v. Scott, 40 F.3d 731, 735 (5th Cir. 1994), cert. denied, 513 U.S. 1054 (1994); Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990); Russell v. Lynaugh, 892 F.2d 1205, 1213 (5th Cir. 1989), cert. denied, 501 U.S. 1259 (1991); United States v. Woods, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and Ross v. Estelle, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

Rangel's call was not accepted by Valle's office. Petitioner contends that his counsel was unfairly and inexcusably ineffective for failing to perfect an appeal, which essentially deprived Rangel the chance to directly appeal his sentence.

The two-part *Strickland* test also applies to the performance of counsel on appeal.[22] Where a defendant is either actually or constructively denied the assistance of counsel on appeal, however, prejudice is presumed.[23] In this case, due to Rangel's counsel's failure to communicate with his client, Petitioner was constructively denied effective assistance of counsel on appeal. Although this is a constitutionally close case, ineffectualness is apparent and the case should be decided in favor of the Petitioner's constitutional right to appeal. Mr. Valle's errors resulted in a denial of the assistance of counsel on appeal altogether, so as to deny the defendant his right to appeal, and as such the defendant need not prove prejudice under the *Strickland* test.

---

[22] See United States v. Phillips, 210 F.3d 345, 348-50 (5th Cir. 2000); Andrews v. Collins, 21 F.3d at 625; Sharp v. Puckett, 930 F.2d 450, 451 (5th Cir. 1991); Lofton v. Whitney, 905 F.2d 885, 887-88 (5th Cir. 1990); and McCoy v. Lynaugh, 874 F.2d 954, 962-63 (5th Cir. 1989).

[23] See Penson v. Ohio, 488 U.S. 75, 86-89, 109 S.Ct. 346, 352-54, 102 L.Ed.2d 300 (1988) (holding that the prejudice prong of the *Strickland* test does not apply in cases where appellate counsel withdraws without filing the brief suggested in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)); Hughes v. Booker, 220 F.3d 346, 349 (5th Cir. 2000); White v. Johnson, 180 F.3d 648, 650 (5th Cir. 1999) (stating that a defendant denied his right to appeal by virtue of his counsel's failure to advise him of his right to appeal, the procedure and time limits involved, and the right to appointed counsel on appeal need not show prejudice); Jackson v. Johnson, 150 F.3d 520, 524-25 (5th Cir. 1998), cert. denied, 526 U.S. 1041 (1999) (ruling that a constructive denial of counsel on appeal occurs only where counsel's ineffectiveness is so egregious as to effectively deny the defendant any meaningful assistance at all); McDonald v. Johnson, 139 F.3d 1056, 1058 n.1 (5th Cir. 1998) (recognizing that if petitioner can prove his counsel's ineffective assistance denied him the right to appeal, then he need not establish that he had some chance of success on appeal); Salazar v. Johnson, 96 F.3d 789, 791 (5th Cir. 1996) (holding that when counsel's errors result in an actual or constructive denial of the assistance of counsel on appeal altogether, as when counsel's errors deny the defendant his right to appeal, the defendant need not prove prejudice under *Strickland*); United States v. Guerra, 94 F.3d 989, 994 (5th Cir. 1996) (holding the same); United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996) (holding that complete denial of counsel on appeal, whether actual or constructive, creates presumption of prejudice); and Moss v. Collins, 963 F.2d 44, 47 (5th Cir. 1992) cert. denied, 506 U.S. 1055 (1993) (determining that actual or constructive denial of counsel on appeal is legally presumed to result in prejudice).

## RECOMMENDATION

After a thorough review of the law surrounding ineffective assistance of counsel, it becomes evident that Petitioner's counsel's performance after sentencing fell below "reasonably effective."[24] Petitioner should be given the opportunity to file an out-of-time appeal from Criminal Action No. B-00-317. Accordingly, Petitioner's Motion for Relief pursuant to 28 U.S.C. Section 2255 should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[25]

DONE at Brownsville, Texas, this 19th day of November, 2002.

Felix Recio
United States Magistrate Judge

---

[24] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d at 700 (5th Cir. 1995).

[25] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS JAVIER RANGEL,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-02-010 |
| | § | CRIMINAL NO. B-00-317 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby GRANTED, and he should be given the opportunity to file an out-of-time direct appeal in Criminal No. B-00-317.

DONE at Brownsville, Texas this _____ day of _____, 2002.


_____
Hilda Tagle
United States District Judge