IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LUIS JAVIER RANGEL, § | |
| Petitioner, § | |
| § | |
| vs. § | C.A. NO. B-02-010 |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |
| ( C.R. NO. B-00-317) § | |

## GOVERNMENT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION UNDER 28 U.S.C. §2255

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government" files its objections to the Magistrate Judge's Report and Recommendations for the 28 U.S.C. §2255 motion filed by Petitioner, Luis Javier Rangel (hereinafter referred to as "Rangel"), and in support thereof would respectfully show the court the following:

I.

### JURISDICTION

A.  <u>Procedural history</u>.

Rangel was indicted in the United States District Court for the Southern District of Texas on August 1, 2000. In the indictment, Rangel was charged with conspiracy to possess with intent to distribute less than 500 grams of cocaine and possession with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. §§846, and 841(b)(1)(C) (DOC 1)[1]. On October 5, 2000, Rangel plead

---

[1] The first number in the DOCument cite relates to the number given the document in the criminal docket sheet. The second number within the DOC cite relates to the page number of

guilty to the indictment with a plea agreement in which in exchange for his plea and his "truthful rendition of facts to the U.S. Probation Department for the preparation of the Defendant's PSR", the government agreed to recommend full credit for acceptance of responsibility and a sentence at the low end of the Guideline level he scored (DOC. 14). On January 16, 2001, Rangel was sentenced to a sixty-three (63) month term of imprisonment to be followed by a three-year term of supervised release (DOC 20). The judgment was entered on January 25, 2001 (DOC 21).

No appeal has been filed on behalf of Rangel. The judgment, thus, became final on February 5, 2001, with the expiration of the ten-day period in which to file a notice of appeal.

Rangel timely filed his motion for relief under 28 U.S.C. §2255, Civil Action No. B-02-010, on January 18, 2002 (DOC 1; C.A. No. B-02-010). Rangel's ability to bring additional charges expired on February 5, 2002. Thereafter, on June 12, 2002, Rangel filed a Motion to Supplement his §2255 motion. In it, he brought an additional allegation: that his trial counsel failed to file notice of appeal on his behalf, when meritorious issues were evident. In its written response, the government objected to the untimely claims. On October 30, 2002, minutes before the start of the evidentiary hearing for Rangel's claim alleged in his June 12, 2002 filing, Rangel filed an "evidentiary hearing memorandum". In it, Rangel

---

the document. PSR is the presentence investigation report. PSR.Add. Refers to the addendum to the PSR.

sought to bring an additional ground of ineffective assistance. Rangel alleged that his attorney's unavailability following his sentencing effectively deprived him of his right to appeal. The Magistrate Judge conducted an evidentiary hearing on the matter. The government re-urged its objections to the untimely allegations (DOC 21, p. 27, 48; C.A. No. B-02-010). On November 19, 2002, the Magistrate Judge issued a Report and Recommendation to the district court to find Rangel's trial counsel provided constitutionally ineffective assistance of counsel relating to counsel's failure to file notice of (direct) appeal on behalf of Rangel (DOC 20; C.A. No. B-02-010). The only one of Rangel's allegations upon which the Magistrate Judge ruled was apparently that contained within the "memorandum" of October 30, 2002, that counsel's unavailability under the circumstances represented ineffective assistance.

B.    Basis of jurisdiction

In the context of the Magistrate Judge's ruling, in his untimely supplemental motion and memorandum of June 12, 2002 and October 30, 2002, Rangel invoked this Court's jurisdiction under 28 U.S.C. §2255. A §2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted).

II.

## LEGAL PRINCIPLES GOVERNING INEFFECTIVE ASSISTANCE.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

A.   <u>Failing to file Notice of Appeal</u>

The posture of Rangel's complaints regarding his attorney's failure to file notice of appeal is different than the typical such claim. Rangel does not claim, nor does the evidence demonstrate, that his attorney ignored his specific instructions to file notice of appeal on his behalf. Rather, Rangel claims his attorney was constitutionally ineffective by failing to consult with Rangel following Rangel's sentencing to determine Rangel's intentions regarding appeal, and by

making himself unavailable to Rangel or Rangel's family within the ten days following the entry of the judgment (October 30, 2002 allegation). Rangel had earlier claimed, on June 12, 2002, his counsel was ineffective for failing to file notice of appeal solely because meritorious issues were evident.

B.  **Loss of appellate rights**

Regarding Rangel's "loss" of appellate rights, although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context of this claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 89 S.Ct. 1715, 1717 (1969).

C.  **Untimeliness of Rangel's Subject Complaint**

Rangel's judgment became final on February 5, 2001, with the expiration of the ten-day period in which to file notice of appeal. Rangel timely filed his original motion for relief under 28 U.S.C. §2255, Civil Action No. B-02-010, on January 18, 2002 (DOC 1; C.A. No. B-02-010). Rangel's ability to bring additional charges expired on February 5, 2002. Thereafter, on June 12, 2002, Rangel filed a Motion to Supplement his §2255 motion, which, for the first time broached Rangel's complaint of counsel's failure to file notice of appeal. The allegation of June 12, 2002, was essentially that, by virtue simply of the presence of meritorious appellate issues, counsel was ineffective for not preserving Rangel's right to

appeal those issues[2]. Rangel then recast the June 12, 2002 complaint on October 30, 2002, by alleging that counsel's unavailability following sentencing represented ineffective assistance and effectively deprived Rangel of his ability to file notice of appeal and, thus, his right to appeal.

Rangel's Supplemental Motion of June 12, 2002 and Evidentiary Memorandum of October 30, 2002, and thus subject claim are untimely. On April 24, 1996, a one-year period of limitation was placed upon the filing of motions under §2255. The one-year period runs from the date the judgment of conviction becomes final. Rangel's ability to file such motion expired on February 5, 2002 (one year plus the ten days after his judgment was entered, with the expiration of the period for filing notice of appeal). Although compliance with the limitation period is not strictly jurisdictional, the court may only entertain late filed motions if the court determines the petitioner is eligible for "equitable tolling" of the one-year limitation period. Rangel neither alleges nor does the record support, nor did the Magistrate Judge rely upon "equitable tolling".

Even if Rangel alleged "equitable tolling", such allegation would be without support in the record[3].

---

[2] Counsel's alleged "failure" in this regard is in the context of Rangel waiving his right to appeal in the written plea agreement (DOC 14, §9 [B-00-317]).

[3] The petitioner must show "extraordinary circumstances" exist in order to toll the AEDPA's one-year period of limitation. This new one year time limitation is presumptively subject to equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990) (holding that the doctrine of "equitable tolling" is presumptively applicable to suits against private defendants as well as suits against the United States); *United States v. Locke*, 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64

Rangel's justifications for his delay in filing, however, are not "extraordinary circumstances" that support equitable tolling of the AEDPA's period of limitation. They represent the "garden variety" of hurdles and distractions, which do not

---

(1985) (holding that filing deadlines are generally subject to "equitable tolling"); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001)(equitable tolling applicable to claims under §2255); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA limitation not jurisdictional bar, rather in the nature of a 'statute of limitations' subject to equitable tolling). However, the Fifth Circuit has held that equitable tolling of the AEDPA's time limitation should only be allowed when the relevant facts present sufficiently "rare and exceptional circumstances". *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant (here, the government) about the cause of action or is prevented in some extraordinary way from asserting his rights".... " A garden variety claim of excusable neglect does not support equitable tolling". *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *Armand v. Strack*,1999 WL 167720 *4 (E.D.N.Y. Feb. 19, 1999)(allegations petitioner received poor legal advice and insufficient legal library insufficient to justify equitable tolling); *Dimetry v. United States Army*, 637 F.Supp. 269, 271 (E.D. No. Car. 1985)(equitable tolling not appropriate where the failure to timely file was allegedly caused by the plaintiff's reliance on advice of counsel); *Nguyen v. Mervau*, 1998 WL 556628 at *2 (N.D. Cal. Aug. 24, 1998)(petitioner's lack of fluency in English language and inability to find jailhouse lawyer to assist him are not extraordinary circumstances warranting equitable tolling). But see: *United States v. Patterson*, 211 F.3d 927, 932 (5th Cir. 2000)(petitioner misled by district court as to filing deadline represented "rare and extraordinary" circumstances warranting equitable tolling); *Davidson v. United States*, 2000 WL 177656 (N.D.N.Y., November 28, 2000)(Same). Equitable tolling analysis should include whether petitioner actively pursued judicial remedies by filing defective instruments within the limitations period. *United States v. Beggerly*, 524 U.S. 38, 48, 118 S.Ct. 1862, 1868 (1998).

Rangel has neither asserted nor demonstrated "rare and extraordinary circumstances" warranting equitable tolling. Before a request for an extension of time to file a §2255 motion is granted, the district court must first be satisfied that "extraordinary circumstances" beyond a prisoner's control justify the equitable tolling of the AEDPA's clearly established period of limitation. *Alvarez-Machain v. United States*, 107 F.3d 696, 701(9th Cir. 1997). And district judges should only "authorize extensions when this high hurdle is surmounted." *Calderon v. U.S. Dist. Ct. Cent. Dist. Of Cal.*, 128 F.3d 1283, 1286 (9th Cir. 1997). In fact, because the clearly established purpose of the AEDPA's one year period of limitation is to "accelerate the federal habeas process, ... [e]quitable tolling will not be available in most cases." See *Id.*

Courts have held that when external forces, rather than plaintiff's lack of diligence, account for the failure of a complainant or movant to file a timely claim, equitable tolling of the statute of limitations is proper. *Seattle Audubon Society v. Robertson*, 931 F.2d 590, 595 (9th Cir.1991); see also *Forti v. Suarez-Mason*, 672 F.Supp. 1531, 1549-50 (N.D.Cal.1987). For example, when a plaintiff has been unable to file a complaint with a court of competent jurisdiction due to the extraordinary conditions and circumstances of war, statute of limitations are equitably tolled. *Seattle Audubon Society*, 931 F.2d at 596 (citations omitted).

excuse Rangel's late filing or toll the limitations period. Rangel's claimed "lack of legal assistance", does not excuse Rangel's obligation to exercise due diligence himself (DOC 21, p. 28; CA No. B-02-010). Trial counsel was appointed to represent Rangel on his trial case, and was not thereby obliged to assist Rangel in any collateral attack of the judgement. *Miranda v. United States*, 455 F.2d 402, 404 (2nd Cir. 1972). Rangel neither hired nor sought appointment of counsel in pursuit of this §2255. There is no constitutional right to counsel for the investigation or preparation of a §2255 claim. *Vandenades v. United States*, 523 F.2d 1220, 1225 (5th Cir. 1975). Rangel concedes he knew at sentencing that he wished to directly appeal (DOC. 21, p. 29). Rangel understood that his right to directly appeal expired 10 days after his sentencing. Rangel knew ten days after sentencing of his trial counsel's "deficiency" in failing to file notice of appeal. Rangel further conceded that he knew his original (timely) §2255 motion did not contain the allegation that his counsel was ineffective for failing to file notice of appeal (DOC 21, p. 30; C.A. No. B-02-010). Rangel's only explanation for failing to include the subject allegation in his timely motion was "lack of legal assistance" (DOC 21, p. 28; C.A. No. B-02-010). Rangel concedes he hired another prisoner, adept at legal research and writing, to assist Rangel in filing his original motion (DOC. 21, p. 29, 30). Rangel's reliance upon a "jailhouse lawyer" does not relieve Rangel's obligation to employ due diligence. Rangel knew the subject claim was not included within his original motion, yet filed the motion anyway. Rangel was

aware of the issue since his sentencing, yet did not include it in his original §2255 motion filed over a year after his sentence. As the case law above indicates, reliance upon advice of counsel does not justify the equitable tolling of §2255. *Armand v. Strack*, 1999 WL 167720 at *4 (E.D.N.Y. Feb. 19, 1999)(allegations petitioner received poor legal advice and insufficient legal library insufficient to justify equitable tolling); *Dimetry v. United States Army*, 637 F. Supp. 269, 271 (E.D. No. Car. 1985)(equitable tolling not appropriate where the failure to timely file was allegedly caused by the plaintiff's reliance on advice of counsel).

Additionally, as the above case law suggests, Rangel's ignorance of the law and the unavailability of legal advice in prison do not justify the equitable tolling of §2255. *Nguyen v. Mervau*, No. C 98-2038, 1998 WL 556628 at *2 (N.D. Cal. Aug. 24, 1998)(inability to find jailhouse lawyer to assist him are not extraordinary circumstances warranting equitable tolling). Of course here, Rangel possessed legal assistance and timely filed his original motion.

D.  <u>Timeliness & "Relation Back" and Newly Discovered Evidence</u>

In none of Rangel's filings does Rangel broach the subject of the untimeliness of his Supplemental Motion of June 12, 2002, or his Memorandum of October 30, 2002. In responding to the government's objection to the untimeliness of the subject complaint at the close of the evidentiary hearing of October 30, 2002, Rangel argued two basis that his filings were timely: (1) under FED. R. CIV. PROC. 15(c), Rangel argued that his supplemental brief enjoys "relation-

back" status to the original timely §2255 motion; and (2) on the basis of newly discovered evidence (DOC 21, p. 50; C.A. No. B-02-010). As the Report and Recommendation does not reflect which basis upon which the Magistrate Judge relied, the government will discuss both bases.

Prior to the enactment of the AEDPA, prisoners in federal custody were able to file a §2255 motion at any time other than when the "government has been prejudiced in its ability to respond to the motion by delay in its filing." See Rule 9(a), Rules Governing Section 2255 Proceedings For The United States District Courts (West 1994). Section 2255, in relevant part, now reads:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-- (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (West Supp.1997) (emphasis added).

The limitations clauses of §2255 and §2244 are almost identical and are applied *in pari materia*. *United States v. Flores,* 135 F.3d 1000, 1003 (5th Cir. 1998).

E. <u>Newly Discovered Facts</u>

The "newly discovered facts" limitations period of 28 U.S.C. §2255 and §2244 (d)(1)(D) runs from the date petitioner is on notice of the facts which would support a claim, not from the date Rangel becomes aware of the legal significance of the facts. *Hasan v. Galarza*, 254 F.3d 1150, 1154 (9th Cir. 2001). The only "newly discovered facts" claimed by Rangel was his inability to contact his trial attorney from the time of his sentencing on January 16, 2001 through February 5, 2001, which represented the end of his deadline to file notice of appeal. Here, Rangel acknowledges he was aware of the "fact" that he had been unable to contact his trial counsel in order to perfect his right to directly appeal from the date of his sentencing on January 16, 2001 (DOC 21 p. 29; C.A. No. B-02-010). By February 5, 2001, Rangel was aware he had been unable to contact his counsel in order to direct him to file notice of appeal on his behalf. This "newly discovered evidence" does not extend Rangel's one-year deadline to file his §2255 motion beyond February 5, 2002. Although it is not relevant when Rangel became aware of the legal ramifications of this "evidence", Rangel was actually then aware of the legal ramifications of his failure to reach his attorney within the ten-day window, by virtue of Judge Tagle's admonition to Rangel at sentencing that he had ten days to file notice of appeal, and evidenced by Rangel's desperate attempts to reach his attorney (Sent. Trans. P. 7; DOC 21, p. 7; C.A. No. B-02-010). *Id.*

F.   "Relation Back"

FED. R. CIV. PROC. 15(a), permits parties to amend their pleadings after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party". *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998). Rangel has neither sought nor obtained either leave of court or written consent of the government. Even if he had, the late-filed claims may not be heard.

Although ordinarily, under FED. R. CIV. PROC. 15(a), amendments of habeas claims may be "freely given when justice so requires". A different situation arises when the amendments are filed after the AEDPA's statute of limitations has run. *United States v. Espinoza-Saenz*, 235 F.3d 501, 503-504 (10th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3rd Cir. 1999). Permitting claims to be filed following the expiration of the statute of limitations would "frustrate the intent of Congress" and amount to "judicial rescission" of the limitations period. *Id.* Although "clarification" of timely filed claims may be permitted to be filed by the court following the running of the limitations period, new issues do not enjoy "relation back" treatment. *Id., United States v. Lampton*, 2001 WL 263094 (E.D. La. Mar 14, 2001)(discussion regarding "relation back"). "A number of circuit courts have held that an untimely amendment to a section 2255 motion (i.e. one filed after AEPDA's one-year statute of limitations) that clarifies or amplifies a claim or theory in the original motion may, in the district court's discretion, relate back to the original motion if the original motion was timely filed and the

proposed amendment does not seek to add a new claim or to press a new theory. *United States v. Palmer*, 296 F.3d 1135, 1142 (D.C. Cir. 2002). See, e.g., *Pittman*, 209 F.3d at 317; *United States v. Thomas*, 221 F.3d 430, 433-34 (3rd Cir.2000); *Duffus*, 174 F.3d at 337. Compare *Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001); *Pittman*, 209 F.3d at 317-18; *Duffus*, 174 F.3d at 335; with *Williams v. Vaughn*, 3 F.Supp.2d 567, 570 (E.D.Pa.1998) ("both motions allege constitutional defects surrounding the same 'occurrence'-- motioner's trial and penalty phases")". *"The untimely claim must arise from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type.""* *Pittman*, 209 F.3d at 318 (internal quote omitted). In *Pittman*, the Fourth Circuit found that the amended claims of ineffective assistance arose out of different conduct and transactions from those addressed in Pittman's first motion that challenged the district court's jurisdiction and the imposition of an enhanced sentence. See *Pittman*, 209 F.3d at 318. Moreover, Pittman was aware of the deficiencies alleged in his motion to amend even at the time of his initial motion. He knew that no appeal had been filed on his behalf. Further, the presentence report, which Pittman admits was available to him, recommended an enhancement for obstruction of justice. The claims in Pittman's motion to amend were not overly technical and he could have easily included them in his original §2255 motion. *Pittman*, 209 F.3d at 318. Thus, while an amendment offered for the purpose of adding to or amplifying the facts already alleged in support of a

particular claim may relate back, see *Thomas*, 221 F.3d at 436 (observing that an amendment seeking "to correct a pleading deficiency by expanding the facts but not the claims alleged in the petition" would clearly fall within Rule 15[c]), one that attempts to introduce a new legal theory based on facts different from those underlying the timely claims may not, see *Dean*, 278 F.3d at 1221 ("Congress did not intend Rule 15[c] to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts."). "These principles are faithful both to the underlying purposes of Rule 15(c) and to the concerns about drawn-out and unlimited collateral attacks on federal criminal judgments evinced by the passage of AEDPA. They ensure that relation back will be allowed only where the original motion provides adequate notice of the prisoner's claims and the proposed amendment would neither change the fundamental nature of those claims nor prejudice the Government's defense by requiring it to prepare its case anew." See 6A Wright & Miller § 1497, at 84-85. *United States v. Hicks*, 283 F.3d 380, 388-89, 350 U.S.App.D.C. 279, 287-88 (D.C. Cir. 2002). "Instead, in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type'." *Pittman*, 209 F.3d at 318 ('both time and type'); *Duffus*, 174 F.3d at 337 ('same set of facts'); *Craycraft*, 167 F.3d at 457 ('same set of facts' and 'both time and type'). "For example, in *Craycraft*, the Eighth Circuit held that an untimely claim of ineffective assistance of counsel for not filing an appeal did not relate back to timely claims of ineffective assistance of counsel for not pursuing a downward departure, not objecting to the characterization of the drugs, and not

raising challenges to his prior state conviction". *Craycraft,* 167 F.3d at 456-57. "The court observed that amendments to a pleading under Rule 15(c) 'relate back' only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence." *Id.* at 457. *Davenport v. United States,* 217 F.3d 1341, 1344 (11th Cir. 2000), *cert. denied,* 532 U.S. 907, 121 S.Ct. 1232 (2001).

Here, neither version of Rangel's complaint that his counsel failed to file notice of appeal bear any relation to the complaints he brought in his original motion. Rangel concedes he was aware of the subject claim from the time of his sentencing, and filed his original §2255motion knowing he had not alleged the subject complaint therein (DOC 21, p. 28, 29, 30; C.A. No. B-02-010).

The Court is without jurisdiction to entertain Rangel's late filed claims.

III.

CONCLUSION

Accordingly, the government objects to the Magistrate Judge's Report and Recommendation, its factual findings and legal conclusions, and moves this Court to dismiss Rangel's late filed claims as untimely.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

_____
Mark M. Dowd
Assistant United States Attorney
TX Bar No. 06070500
SD Tex ID No. 9314
600 E. Harrison, # 201
Brownsville, TX 78520
(9563) 548-2554

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing Respondent's Motion to Dismiss Motion to Vacate Sentence has been mailed on this the 25th day of November, 2002, via certified mail, return receipt requested to

Mr. Luis Javier Rangel
Reg. No. 94214-079
FCI Three Rivers
Three Rivers, Texas, 78071

Mathew Robinson
Attorney at Law
11331 Grooms Rd., Suite 3000
Cincinnati, Ohio 45242

Mark M. Dowd
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUIS JAVIER RANGEL,<br>   Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>   Respondent.<br>( C.R. NO. B-00-317) | §<br>§<br>§<br>§   C.A. NO. B-02-010<br>§<br>§<br>§<br>§ |

## ORDER

After a *de novo* review of the file and record in the above cause, the Court declines to adopt the Magistrate Judge's Report and Recommendation in the above cause, recommending the Court grant Petitioner's subject §2255 motion. The Court finds that the claim upon which the Magistrate Judge relied was not filed in a timely manner. Neither alleging nor demonstrating "equitable tolling", the Petitioner's ability to file claims under §2255 expired on February 5, 2002. Petitioner's instant claim was not filed until October 30, 2002 nor has the petitioner demonstrated his untimely claims "related back" to his original timely claims under FED. R. CIV. P. 15(c), or represent "newly discovered evidence" under §2255.

Accordingly, Petitioner's Motion to Supplement Petitioner's Motion Pursuant to §2255 of June 12, 2002, and Petitioner's Evidentiary Hearing Memorandum of October 30, 2002 are DISMISSED.

SIGNED this _____ day of _____ 2002.

_____
UNITED STATES DISTRICT JUDGE