United States District Court
Southern District of Texas
ENTERED
MAY 1 9 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS JAVIER RANGEL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. No. B-02-010 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

### ORDER

BE IT REMEMBERED that on May 16, 2003, the Court considered Respondent's timely objections to the Magistrate Judge's Report and Recommendation. For the reasons that follow, the Court **ADOPTS** the final determination of the Report and Recommendation ("R&R"), but **MODIFIES** the Magistrate Judge's reasoning and analysis.

### I. Standard of Review of Magistrate Judge's Report and Recommendation

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate." Rules Governing § 2255 Proceedings, R. 8(b)(4). See also 28 U.S.C. § 636(b)(1)(C). Those portions of the R&R for which there are no objections, the Court reviews for clearly erroneous findings and conclusions of law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Magistrate Judge recommended granting relief pursuant to 28 U.S.C. § 2255 and allowing Petitioner the opportunity to file an out-of-time appeal. Although Petitioner raised several claims in his original and supplemental section 2255 petition, the Magistrate Judge only addressed whether Petitioner's trial counsel was ineffective for failing to file a notice of appeal on behalf of Petitioner. The government's objections to the R&R focus on the alleged untimeliness of Petitioner's supplemental complaint,

1

arguing the particular claim of ineffective assistance of counsel addressed by the Magistrate Judge does not relate back to the original petition and does not focus on newly discovered facts. As a result, the government argues the Court is without jurisdiction to entertain Petitioner's claim.

## II. **Background**

Petitioner Luis Javier Rangel was indicted in the United States District Court for the Southern District of Texas on August 1, 2000. Rangel was charged with conspiracy to possess with intent to distribute less than 500 grams of cocaine and possession with intent to distribute less than 500 grams of cocaine under 21 U.S.C. §§ 846 and 841(b)(1)(C). Rangel pled guilty on October 5, 2000. This plea agreement contained a limited waiver of appeal, which stated, "defendant waives the right to appeal the sentence (or the manner in which it was determined) if such sentence is within the guidelines range as determined by the Court. This agreement does not, however, affect the rights of the defendant to appeal an illegal sentence as set forth in Title 18, United States Code, Section 3742(a)(1). Nor does this agreement affect the rights of the defendant to appeal based upon allegations of ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement, ¶ 10. Under the plea agreement, the government agreed to recommend full credit for acceptance of responsibility and to recommend a sentence at the low end of the guideline level for which Rangel scored. This Court sentenced Rangel on January 16, 2001, to a sixty-three (63) month term of imprisonment followed by a three-year (3) term of supervised release. The Court entered judgment on January 25, 2001.

On January 18, 2002, Petitioner timely filed his original section 2255 petition pro se. Rangel stated, "I failed to meet the dead-line for a direct appeal due to the fact that at the time I had no attorney to fight my case." Petitioner's Original Petition, at p. 4, [Dkt. No. 1]. Petitioner based his petition on four separate grounds: 1) the facts contained in the Pre-Sentence Report were inaccurate and consequently raised Petitioner's guideline level from 20 to 26; 2) Petitioner was denied effective assistance of counsel because a) his attorney was not present during the pre-sentence interview and b) the attorney presented Petitioner with a copy of his Pre-Sentence Report only

one day before sentencing; 3) Petitioner's conviction was obtained by the use of evidence gained by an unconstitutional search and seizure; and 4) Petitioner's conviction was obtained by the use of evidence gained as a result of an unlawful arrest. See id.

On June 12, 2002, Petitioner filed a supplement to his original section 2255 petition with the aid of counsel. Petitioner argued the Court should review the supplement because, "Petitioner ha[d] not waived his right to collaterally attack his conviction and sentence as he did not knowingly and intelligently enter into the appellate waiver" and "Petitioner received ineffective assistance of counsel when his attorney failed to perfect an appeal when meritorious issues where [sic] present and the sentencing court informed the Petitioner that [he] actually did have a right to appeal." Pet's Motion to Supplement Motion to Vacate, Set Aside, or Correct Sentence, at p. 2 [Dkt. No. 4].

### III. Timeliness of Petitioner's Supplement

Petitioner's supplement to his original habeas petition was filed approximately five months after the one-year period of limitation for filing a motion for post conviction relief pursuant to 28 U.S.C. § 2255. The Federal Rules of Civil Procedure apply to motions to amend or supplement habeas corpus motions. Because the supplemental habeas motion was filed past the deadline, the Court will generally consider it time-barred unless the amendment relates back to the petition originally filed within one year the judgment of conviction became final. See United States v. Saenz, 282 F.3d 354, 355-56 (5th Cir. 2002). "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).

Petitioner filed his first section 2255 petition on January 18, 2002. Petitioner filed his supplement to the original petition on June 12, 2002. The government's first and only response to Petitioner's original petition and supplemental petition was filed on September 16, 2002, after the Magistrate Judge ordered such a response. At the time of the first section 2255 supplement, therefore, the government had not yet filed its

response. "Federal Rule of Civil Procedure 15 allows a party to amend a pleading . . . *inter alia*, once before service of a responsive pleading; otherwise, [petitioner] may amend 'only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.'" Saenz, 282 F.3d at 353-54 (quoting Fed. R. Civ. P. 15(a)). See also Munoz v. United States, 2003 WL 1566550, at *1 (W.D. Tex. Feb. 19, 2003) (reiterating that once a responsive pleading has been filed, a party may only amend its pleading with consent of the other party or by leave of the court). Indeed, in a similar situation in which a petitioner's supplemental section 2255 motion was filed after the one-year deadline, the Fifth Circuit noted that "[b]ecause the Government responded to [the] supplemental motion, . . . [petitioner] was required to seek leave from the district court to again amend his § 2255 motion." Id. at 356. See also Moore v. United States, 2001 WL 253432, at * 8 n.5 (S.D.N.Y. Mar. 15, 2001) (holding that although petitioner's section 2255 supplement was filed past the one-year deadline, he was entitled to amend the petition as of right because the government had not yet responded) (citing Calderon v. United States Dist. Court, 134 F.3d 981, 986 & n.6 (9th Cir. 1998)). These cases demonstrate that despite the passing of the one-year deadline, Petitioner may amend his petition once as a matter of right and without leave of the court, even if new claims are alleged.

### IV. Evidentiary Hearing Held Before the Magistrate Judge

In the government's objections, it additionally argues that on October 30, 2002, "minutes before the start of the evidentiary hearing for Rangel's claim alleged in his June 12, 2002 filing, Rangel filed an 'evidentiary hearing memorandum.'" Government's Objections to Magistrate Judge's Report and Recommendation, at p. 2 [Dkt. No. 22]. The government further argues that in this memorandum, Rangel sought to bring an additional ineffective assistance of counsel claim –that Rangel's attorney was unavailable following his sentencing, which effectively deprived him of his right to appeal." Id. No doubt, this memorandum was in large part a response to the Magistrate Judge's order, which directed that an evidentiary hearing take place to determine whether the petitioner "informed his attorney to file notice of direct appeal and his attorney failed to do so." September 17, 2002, Order [Dkt. No. 11].

In reviewing the record and relevant case law, it is unclear why the Magistrate Judge determined the evidentiary hearing should be limited in this way. Indeed, Petitioner's counsel submitted a motion to the court urging that the evidentiary hearing be waived because, "Petitioner ha[d] not claimed in the § 2255 motion that he directly informed counsel that he wanted to appeal his sentence." Petitioner further stated that "had [he] done this, this would be a much easier case to decide. But the Petitioner did not inform counsel to file a notice of direct appeal. Instead, Petitioner wanted to appeal his sentence, but after sentencing was never able to discuss this with counsel." Motion to Waive Evidentiary Hearing and Submit on the Motion, at p. 1 [Dkt. No. 12]. The Magistrate Judge denied this Motion. See Order Denying Motion, at p. 1 [Dkt. No. 13].

As a result of the Magistrate Judge's order limiting the arguments presented at the evidentiary hearing, the court did not hear testimony concerning the waiver of appeal in the plea agreement. The Magistrate Judge's Report and Recommendation simply stated that, "[w]here a defendant is either actually or constructively denied the assistance of counsel on appeal, however, prejudice is presumed [under Strickland v. Washington, 466 U.S. 668, 687 (1984)]." R&R, at p. 2 [Dkt. No. 20]. Petitioner's waiver of appeal in the plea agreement was not discussed in the written R&R. As the Court discusses below, however, the dispositive issue in this case is whether the limited waiver of appellate rights was entered into knowingly and voluntarily. For this reason, the Court does not review Petitioner's "evidentiary hearing memorandum."

### V. Petitioner's Claim of Ineffective Assistance of Counsel in Failing to Appeal his Sentence

In order to prevail on an ineffective assistance of counsel claim, Petitioner must satisfy the requirements of Strickland v. Washington, 466 U.S. 668 (1984). The two-prong test of Strickland requires a defendant seeking relief to demonstrate: 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. See id. at 688, 693-94. If one prong is not satisfied, the court need not address the other prong before disposing of the claim. See id. at 697. "An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable." United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995). Counsel's

performance and reasonableness is analyzed in the context of all the surrounding circumstances. See Strickland, 466 U.S. at 688-89. It is the defendant's burden to refute the presumption of reasonable conduct and to prove that his counsel's conduct falls "outside the wide range of reasonable professional assistance." Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986) (citations omitted).

In addition to the holding in Strickland, however, the Supreme Court has applied a two-prong analysis with respect to an ineffectiveness claim challenging counsel's failure to appeal. See Roe v. Flores-Ortega, 528 U.S. 470 (2000). The Supreme Court in Flores-Orgeta addressed first whether counsel consulted with the defendant about a potential appeal, stating "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478. "If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id. Further, the Supreme Court held that counsel has a

> constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Id. at 480.

The Supreme Court further stated in Flores-Ortega that "[i]n making this determination, courts must take into account all the information counsel knows or should have known." Id. (citation omitted). The presence of a guilty plea is a "highly relevant factor . . . because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that a defendant seeks an end to judicial proceedings." Id. The reviewing court must consider whether the plea agreement explicitly reserves or waives defendant's appeal rights. Id. "Only by considering all relevant factors in a given case can a court properly determine whether a rational

defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." Id. If the court determines counsel's performance was deficient, the second prong of the Strickland analysis requires the defendant to show prejudice from the deficient performance. "[A] defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

Petitioner conceded that he did not argue in his section 2255 supplement that he explicitly asked his counsel to appeal his sentence or that his counsel was ineffective because he was not available after sentencing in order to file an appeal. Rather, Petitioner argues that despite the waiver of appeal, counsel should have appealed the relevant conduct findings of the court because the waiver was not knowing and voluntary and because the court informed Petitioner at his sentencing hearing that he could appeal his sentence.

The Court now finds the Magistrate Judge erred when he limited his inquiry at the evidentiary hearing solely to whether Petitioner "informed his attorney to file notice of direct appeal and his attorney failed to do so." As the Supreme Court in Flores-Ortega held, counsel's failure to file an appeal, even when defendant attempted unsuccessfully to consult with his attorney following a guilty plea and sentence, does not constitute deficient performance *per se*. Id. at 480. The dispositive issue in this case is whether Petitioner knowingly and intelligently waived his right to appeal his sentence and whether counsel was ineffective for failing to fully explain to Petitioner the consequences of waiving his right to directly appeal his sentence. If Petitioner did knowingly and intelligently waive his right to directly appeal his sentence, it could not have been ineffective assistance of counsel when he failed to file a direct appeal of Petitioner's sentence or when he failed to consult with Petitioner following his sentencing hearing because there were no nonfrivolous claims to appeal.[1]

---

[1] Petitioner's claims beyond ineffective assistance of counsel are: 1) the facts contained in the Pre-Sentence Report ("PSR") were inaccurate and consequently raised Petitioner's guideline level from 20 to 26; 2) Petitioner's conviction was obtained by the use of evidence gained by an unconstitutional search and seizure; and 3) Petitioner's conviction was obtained by the use of evidence gained as a result of an

## VI. Petitioner's Claim that Waiver of Right to Appeal Sentence in Plea Agreement was Not Knowing and Voluntary

Petitioner in part bases his ineffective assistance of counsel claim on his attorney's failure to file an appeal of meritorious issues.[2] Petitioner, however, signed a limited waiver of his appellate rights in his plea agreement. It is well established in this circuit that "[a] defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary." United States v. Gonzalez, 259 F.3d 355, 357 (5th Cir. 2001) (citation omitted). When a petitioner knowingly and voluntarily waives his right to appeal, he cannot prevail on a section 2255 motion based on his attorney's failure to file a notice of appeal. See United States v. McMasters, 2001 WL

---

unlawful arrest. If Petitioner's plea agreement and waiver of appellate rights was knowing and voluntary, he could not raise on appeal the district court's adoption of the pre-sentence report regarding relevant conduct. The factual findings contained within the PSR and adopted by the district court were based on adequate evidentiary grounds. More importantly, because the court did not impose an illegal sentence beyond the parameters of the sentencing guidelines, these factual findings are not appealable under the terms of Petitioner's plea agreement. See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001) (holding that appeal of the court's adoption of the factual findings in the PSR were waived by the plea agreement because this alleged error was not a misapplication of the sentencing guidelines under 18 U.S.C. § 3742(a)(2)). See also United States v. Solis, 299 F.3d 420, 461-62 (5th Cir. 2002) (discussing factual findings related to relevant conduct). Additionally, if Petitioner entered into his plea agreement knowingly and voluntarily, the guilty plea "forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" Rosa v. United States, 170 F. Supp.2d 388, 409 (S.D.N.Y. 2001) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Petitioner's Fourth Amendment claims, therefore, cannot be raised in his section 2255 motion or on direct appeal.

[2]Petitioner additionally claims his counsel was ineffective when he was not present in his presentence interview. The Fifth Circuit has held that "a defendant waives his right to remain silent [during the pre-sentence investigation] by pleading guilty and, moreover, . . . a routine presentence interview (at least in the non-capital cases) is 'not a critical stage of the proceedings in which counsel's presence or advice is necessary to protect the defendant's right to a fair trial.'" United States v. Woods, 907 F.2d 1540, 1543 (5th Cir. 1990) (citing Brown v. Butler, 811 F.2d 938, 940-41 (5th Cir. 1987)). Petitioner's claim, therefore, fails. Petitioner also claims his attorney failed to provide him with a copy of his PSR sooner. Even assuming Petitioner's trial counsel was deficient in not providing him with a copy of his PSR within the time lines prescribed in Rule 32(6) of the Federal Rules of Criminal Procedure, Petitioner has not demonstrated the requisite prejudice prong of Strickland. Namely, Petitioner concedes that he received a copy the day before his sentencing hearing; he apprised his attorney of the alleged errors concerning the recommended level increase resulting from relevant conduct; and Petitioner's attorney objected to the level increase at the sentencing hearing. See Petitioner's Section 2255 Supplement, at p. 9 [Dkt. No. 4]. The district court considered the objections regarding the relevant conduct recommendations, but overruled them. In light of this, it is not probable that had Petitioner received the PSR earlier, the outcome of the sentencing would have been any different. As a result, the Court must reject Petitioner's claim of ineffective assistance of counsel for failing to discuss the PSR sooner with the defendant.

755402, at *3 (E.D. La. July 3, 2001). See also Alcantara v. United States, 2001 WL 1006624 (S.D.N.Y. Aug. 31, 2001); Collier v. United States, 2001 WL 540793 (2d Cir. May 21, 2001) (unpublished opinion). The Court in Collier held that "[g]iven that Collier had made an effective waiver of his right to appeal . . . we think it self-evident that his attorney did not act unreasonably in failing to appeal." Id. at *3. Stated differently, courts "have expressly rejected attempts by defendants to circumvent the waiver of the right to appeal by claiming ineffective assistance of counsel." United States v. Checo, 205 F.3d 1325 (2d Cir. 1999) (unpublished opinion).

During the plea colloquy, the Court asked the government to recite the terms of the agreement. The government, however, neglected to mention the limited waiver of appellate rights. The Court questioned the defendant regarding the terms of the agreement cited by the government, but having not been informed by the government of the limited waiver of appellate rights, did not question the defendant explicitly about the waiver. "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." Id. (citing United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992)). Under Federal Rule of Criminal Procedure 11(c)(6), the district court must advise the defendant of "the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(c)(6). In this respect, the Court's omission was plain error.

The question that remains, therefore, is whether this Rule 11 error was harmless under Rule 11(h): "'Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.'" United States v. Cuevas-Andrade, 232 F.3d 440, 443 (5th Cir. 2000) (citing Federal Rule of Criminal Procedure 11(h)). The Fifth Circuit has stated that a defendant's substantial rights "are affected if the district court's Rule 11 errors 'may reasonably be viewed as . . . a material factor affecting [the defendant's] decision to plead guilty.'" Id. (quoting United States v. Bachynsky, 934 F.2d 1349, 1360 (5th Cir. 1991) (en banc) (other citations omitted)).

Petitioner does not contend that he entered into the plea agreement, in its entirety, unknowingly or involuntarily. Indeed he does not assert that he did not wish to

enter a plea agreement at all. Rather, Petitioner argues his waiver of the right to appeal was entered unknowingly and involuntarily and that upon receiving his sentence, he wished to file a direct appeal. Petitioner clearly states that he "would never have agreed to the appeal waiver if he had understood that such a waiver would preclude him from having his sentence corrected at the appellate level." Pet's Motion to Supplement Motion to Vacate, Set Aside, or Correct Sentence, at p. 4 [Dkt. No. 4].

In this case, the usual safeguards were not present. First, the government's recitation of the terms of the plea agreement did not include the waiver provisions. Second, the Court did not discuss the waiver provisions with the defendant. The mere fact that he signed a plea agreement with "boiler-plate" language cannot substitute for the Court's compliance with Rule 11. See United States v. Pena, 314 F.3d 1152, 1157 (9th Cir. 2003). A review of the record, including the transcript of the evidentiary hearing, reveals that after reading his PSR, Petitioner notified his attorney that he objected to the report. At the sentencing hearing, Petitioner's counsel presented to the Court his objections to the relevant conduct findings in the PSR. The Court heard these objections and ultimately determined there was evidentiary support for the findings made in the PSR. Also at this hearing, the court explained to defendant that he could appeal his sentence, but it did not make reference to the limited waiver. Petitioner expressed to his attorney his disbelief and discontent with the sentence that had been imposed. Thereafter, Petitioner attempted unsuccessfully to contact his attorney to file an appeal. Because Petitioner objected to the findings in the PSR and understood from the Court that he could appeal the sentencing determination in its entirety, he had all the more reason to attempt to contact his attorney to file a direct appeal.[3]

Given all of the above circumstances, the court cannot say with reasonable assurance that the Petitioner's surrender of his right to appeal his sentence was made

---

[3] In general, the fact that a district court erroneously advises a defendant that he has the right to appeal his sentence, despite the confusion it may cause, has no bearing on the validity of the waiver. See id. at 358 (citing United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992)) (holding that district court's error in stating at the sentencing hearing that defendant had the right to appeal does not effect the voluntariness or knowledge of the waiver to appeal)). In the present case, however, the Court's failure to discuss the terms of the waiver at the plea colloquy supports defendant's claim that his waiver was not sufficiently informed.

10

knowingly. In addition, Petitioner's clear desire to appeal his sentence demonstrates the error was not harmless. In light of these circumstances, and because Petitioner does not argue that his plea agreement was otherwise involuntary or unknowing, the Court severs the waiver of appellate rights from the remainder of the plea agreement and allows the Petitioner the opportunity to file an out-of-time appeal. See United States v. Teeter, 257 F.3d 14, 27 (1st Cir. 2001).

### VII. Conclusion

The Court **ADOPTS** the final determination of the Magistrate Judge's Report and Recommendation, but **MODIFIES** the Magistrate Judge's reasoning and analysis. Because Petitioner argues only that his waiver of appellate rights, and not the entire plea agreement, was entered into unknowingly and involuntarily, and because Petitioner requests that "[his] sentence . . . be vacated so that he can renew his right to appeal [his] meritorious claim," the Court severs the waiver of appellate rights from the remainder of the plea agreement and **GRANTS** the Petitioner leave to file an out-of-time appeal. To the extent that Petitioner raised ineffective assistance of counsel claims separate from the unknowing and involuntary waiver, the Court **FINDS** these claims are without merit.

DONE this 16th day of May 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

11